Held — That the notice in question in this case, made in pursuance of seotion 6602, Revised Statutes, is sufficient. The rule laid down in the cases cited by counsel relates to signatures to contracts, and is one not applicable to a oase *609 f this kind, where less strictness is required. “When an state or right is to be determined or affected by notice to he party in whom the same is vested, whether suoh notice be stipulated for by contract or be required by law, it must come from the party who by law or the terms of the contract is clothed with power'of terminating the estate or affecting the right in this manner, cr from his duly authorized agent. Of this character are notioes to quit from landlord to tenant.” Wade on Notice, section 698; see, also,section 636, and Reed v. Hawley, 45 Ill., p. 40. The secretary of a corporation is the proper officer to oonduot its corres-pondenoe, and we think it sufficiently and clearly appears that he was giving the notice for and on behalf of the Union Savings Bank & Trust Company, receiver, etc.
C. W. Merrill, for Plaintiff in Error.
The judgment of the court of common pleas is affirmed.